UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 10-23382-CIV-MORENO

UNITED STATES OF AMERICA ex rel.
OLIVIA GRAVES,

    Plaintiff/Relator,

vs.

PLAZA MEDICAL CENTERS CORP.,
HUMANA, INC., MICHAEL CAVANAUGH,
and SPENCER ANGEL,

    Defendants.
_____/

## ORDER GRANTING [D.E. 72] SPENCER ANGEL'S MOTION TO DISMISS WITH PREJUDICE, AND GRANTING [D.E. 73, 74, 75] DEFENDANTS' MOTIONS TO DISMISS WITHOUT PREJUDICE

Relator Olivia Graves brings a *qui tam* action under the False Claim Act, 31 U.S.C. § 3720, alleging Defendants submitted false claims or caused false claims to be submitted to Medicare. Relator alleges the false claims resulted in the Defendants improperly receiving overpayments from the Centers for Medicare and Medicare Services (CMS). Defendants each moved to dismiss Relator's claims on various grounds. For the reasons provided below, the Court GRANTS Defendant Spencer Angel's Motion to Dismiss **(D.E. No. 72)** with prejudice, and GRANTS Defendants Plaza Medical Center Corporation's, Michael Cavanaugh's, and Humana, Inc.'s Motions to Dismiss **(D.E. Nos. 73, 74, 75)** without prejudice. Relator is granted leave to amend the complaint in accordance with this Order and must file the amended pleading by no later than

**October 23, 2014**.[1] Defendant(s) shall file a motion to dismiss **and** answer by no later than **November 21, 2014.** Relator shall respond by no later than **December 12, 2014**. Defendant(s) shall reply by no later than **December 19, 2014**.

## Background

In the First Amended Complaint (D.E. No. 50), Relator alleges that Defendant Cavanaugh, a doctor employed at Plaza Medical Centers Corporation (PMC), improperly and falsely diagnosed 28 patients with a greater number of illnesses or illness-related complications, eventually resulting in the submission of false claims to Medicare for reimbursement. Medicare would in turn increase the monthly "capitation" payments sent to Defendant Humana, Inc., as plan administrator, for each patient. A portion of the increased payments would then flow to PMC, Dr. Cavanaugh and Spencer Angel.

The First Amended Complaint alleges four counts under the False Claims Act. Count I alleges the submission of false claims by all Defendants. Count II alleges the making or using of false records material to a false or fraudulent claim by all Defendants. Count III alleges conspiracy to violate the False Claims Act against all Defendants. Count IV alleges the making of false records to get claims paid against all Defendants.

Each Defendant moved to dismiss the First Amended Complaint, arguing, *inter alia*, that the First Amended Complaint does not meet the more stringent Fed. R. Civ. P. 9(b) standard of alleging

---

[1] The Court notes that Relator in her response to the Motion to Dismiss the First Amended Complaint moved for leave, albeit improperly, to file a Second Amended Complaint. While this Order addresses the allegations contained in First Amended Complaint and, where necessary, the proposed Second Amended Complaint, the proposed Second Amended Complaint is not properly before this court. Should Relator file an amended pleading consistent with this Order, it will be addressed as the Second Amended Complaint.

fraud with particularity, that Relator has failed to present evidence of the "presentment" of false claims by Defendants to the federal government, that there are no facts to support the count for conspiracy, and that Relator's claims must be limited to only those patients and alleged misdiagnoses identified in the pleadings.

## Legal Standard

When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal,* 129 S. Ct. at 1950.

Under Federal Rule of Civil Procedure 9(b), a plaintiff must plead the circumstances constituting fraud with particularity. In considering a motion to dismiss for failure to plead fraud with particularity, however, courts must also keep in mind the notice pleading standard set forth in Rule 8(a). Courts "must be careful to harmonize the directives of Fed. R. Civ. P. 9(b) with the broader policy of notice pleading." *SEC v. Physicians Guardian Unit Inv. Trust ex rel. Physicians Guardian, Inc.*, 72 F. Supp. 2d 1342, 1352 (M.D. Fla. 1999) (citing *Friedlander v. Nims*, 755 F.2d 810, 810 (11th Cir. 1985)). According to the Eleventh Circuit, "Rule 9(b) is satisfied if the complaint sets forth '(1) precisely what statements were made in what documents or oral

representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.'" *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir.1997)).

## Analysis

### I. All Claims against Defendants Are Limited Only to Those Patients and Alleged Misdiagnoses Identified in the First Amended Complaint.

As described above, claims under the False Claims Act are held to the heightened Rule 9(b) pleading standard and must allege specific facts, including the time, place and substance of the allegedly fraudulent conduct, as well as who engaged in them and when they occurred. *United States ex Rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1311 (11th Cir. 2002). Relator's First Amended Complaint and proposed Second Amended Complaint challenges conduct beyond the diagnoses of the twenty-eight patients identified in the complaint. However, neither complaint offers a basis - let alone a sufficiently specific one under Rule 9(b) - to infer that patients other than those it identifies were improperly diagnosed or led to false claims submitted to the government. Accordingly, Relator's claims are limited to the patients specified in the First Amended Complaint.[2]

### II. All Claims against Spencer Angel are Dismissed With Prejudice.

The First Amended Complaint, and the proposed Second Amended Complaint, is devoid of any factual allegation - much less specific factual allegations as required under Fed. R. Civ. P. 9(b) -

---

[2] Should Relator choose to file a Second Amended Complaint, the Complaint will similarly be limited to those patients and alleged misdiagnoses identified in the pleading.

against Spencer Angel that provides a basis for a viable claim under the False Claims Act. Relator must allege facts that demonstrate Mr. Angel himself violated the FCA. *E.g.*, *Brooks*, 116 F.3d at 1371 ("[I]n a case involving multiple defendants[,] the complaint should inform each defendant of the nature of his alleged participation in the fraud. . . . The Amended Complaint is devoid of specific factual allegations with respect to the separate Defendants."). Relator cannot, as she has done here, simply rely on collective allegations against the Defendants, but must put Mr. Angel on notice of his alleged fraudulent activity. The fact that Mr. Angel is President of Plaza Medical Centers Corporation, or "worked closely with Dr. Cavanaugh" and may have "profited from improper billing" [D.E. 50 at ¶ 29] is not, standing alone, sufficient to survive a motion to dismiss. The facts under the Proposed Second Amended Complaint ("Proposed SAC") are similarly deficient. For these reasons, the claims against Mr. Angel are dismissed with prejudice.

**III.     All Claims against PMC Are Dismissed Without Prejudice.**

The allegations against Defendant PMC in Relator's First Amended Complaint and proposed Second Amended Complaint fare no better. Relator consistently alleges that "Defendants routinely submitted false and fraudulent claims to Medicare..."; "Defendants have over-billed and received payment from CMS..."; "Defendants submitted claims to CMS for the conditions falsely diagnosed"; and "Defendants presented or caused to be presented" alleged false claims. D.E. 50 at ¶¶ 2, 29, 35, 37]; Proposed SAC at ¶¶ 2, 32, 39.

However, Relator's complaint "is devoid of specific factual allegations with respect to the separate Defendants." *Brooks*, 116 F.3d at 1371 ("[T]he complaint should inform each defendant of the nature of his alleged participation in the fraud.") Relator has not alleged the commission of fraudulent conduct, or a conspiracy to engage in fraudulent conduct, with a description of *each*

individual Defendant's role in the alleged scheme. Rather, Relator suggests that because "Dr. Cavanaugh took over the care of Medicare patients at Plaza Medical Centers," or "improper coding [took] place at Plaza Medical Centers," [D.E. 50 at ¶¶ 23, 29; Proposed SAC at ¶¶ 25, 32], PMC is a proper defendant for claims of fraud. PMC has not been put on notice of its role in the alleged fraud other than its status as a medical office in which Dr. Cavanaugh practiced. Relator's generalized factual allegations as to PMC specifically are insufficient to survive a motion to dismiss, let alone one for which Relator must meet a heightened pleading standard under Rule 9(b). For these reasons, the claims against PMC are dismissed without prejudice.[3]

### III.  Count III (Conspiracy) is Dismissed With Prejudice.

As a threshold matter, Relator has failed to adequately *allege* the basic elements of a conspiracy under the False Claims Act. To state a cause of action for conspiracy under 31 U.S.C. § 3729(a)(3), a plaintiff must show "(1) that the defendant conspired with one or more persons to get a flase or fraudulent claim paid by the United States; (2) that one or more of the conspirators performed any act to effect the object of the conspiracy; and (3) that the United States suffered damages as a result of the false or fraudulent claim." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). In the First Amended Complaint and Proposed Second Amended Complaint, Relator merely alleges that "[t]he Defendants conspired to defraud the United States by making the claims described[.]" D.E. 50 at ¶ 44; Proposed SAC at ¶ 97.

---

[3] The Court, out of an abundance of caution, dismisses the claims against PMC without prejudice in recognition of the relationship between Humana, as plan administrator, and PMC, as recipient of reimbursements, and the relationship between PMC, as medical office, and Dr. Cavanaugh, as a primary physician in the medical office and recipient of reimbursements. However, Relator cannot simply rely on such relationships when alleging fraud, and conspiracy to commit fraud, against each party.

Equally fatal, neither complaint alleges a single fact to support its assertion that the defendants ever agreed to violate the False Claims Act. The bare assertion that "Defendants conspired" to violate the False Claims Act is entirely conclusory, and legal conclusions are insufficient under Fed. R. Civ. P. 8(a)(2) and certainly under the heightened Rule 9(b) standard. *Corsello*, 428 F.3d at 1014 (dismissing conspiracy claim where the "bare legal conclusion" that defendants "conspired to defraud the Government" was not supported by specific factual allegations that they had entered an agreement or committed an overt act). Where the Proposed Second Amended Complaint fails to offer new factual allegations concerning any Defendant's participation in a conspiracy, Relator's conspiracy claim is dismissed with prejudice.

### IV.     Counts I and II As Against Humana and Dr. Cavanaugh are Dismissed Without Prejudice.

Defendants main arguments as to Counts I and II are, *first*, that Relator's complaint fails to allege with sufficient specificity that any false claims were submitted or paid, and, *second*, that the complaint does not allege a plausible basis for its assertion that Defendants acted knowingly.

Here, Relator has provided substantial detail of the alleged scheme to defraud, including detailed examples of patients, dates of treatment, diagnoses as to each of those patients, supporting lab reports, and the like. However, while Rule 9(b) requires a plaintiff to allege fraud with particularity, the rule allows "malice, intent, knowledge, and other conditions of mind of a person" to be alleged generally. Therefore, accepting Relator's factual allegations as true and in light of the detailed allegations of the fraudulent scheme, Relator need not prove at this stage that Humana or Dr. Cavanaugh acted knowingly.

With respect to factual allegations regarding the actual submission of false claims, a clear

requirement under the False Claims Act, Relator's First Amended Complaint is lacking. Under Rule 9(b), absent specific evidence of the submission of false claims, the primary requirement is that there be "some indicia of reliability" in the complaint to support the allegation of an actual false claim having actually been made to the government. *E.g.*, *Clausen*, 290 F.3d at 1311. Relator's allegations in the First Amended Complaint are deficient, if not entirely conclusory, in this respect. *E.g.*, D.E. 50 at ¶ 35 ("In each instance, the Defendants submitted claims to CMS for the conditions false diagnosed by Dr. Cavanaugh..."). Accordingly, Counts I and II are dismissed without prejudice.[4]

### V. Count IV as Against Humana and Dr. Cavanaugh is Dismissed Without Prejudice.

In Count IV, Relator alleges that Defendants made and submitted false claims to get those claims paid, in violation of 31 U.S.C. § 3729(a)(2). Congress amended section 3729(a)(2) when enacting the Fraud Enforcement and Recovery Act of 2009 ("FERA"). Before 2009, the FCA imposed liability on a defendant who "knowingly ma[de], use[d], or cause[d] to be made or used,

---

[4] The Court notes Relator's additional factual allegations regarding the submission of false claims in the Proposed Second Amended Complaint. Proposed SAC at ¶¶ 40-69. The Court will not decide at this time whether these allegations, when viewed in tandem with the detailed allegations of a fraudulent scheme, constitute sufficient "indicia of reliability" to support the submission of false claims. However, the Court rejects Relator's argument that she is an "insider" for purposes of relaxing Rule 9(b)'s heightened pleading requirements. First, Relator invokes this "insider" status for the first time in her Omnibus Response, having never raised it in the initial complaint or the First Amended Complaint. Second, and more importantly, Relator is not a classic "insider" such as the relators in *Hill v. Morehouse Medical Associates*, 2003 WL 22019936 (11th Cir. Aug. 15, 2003) or *United States ex Rel. Atkins v. McInteer*, 470 F.3d 1358 (11th Cir. 2006), where the relators were either employed in the billing department, had personal knowledge of the presentment of false claims, or possessed special expertise in coding or Medicare billing. Here, Relator is a physician, she alleges no facts demonstrating personal knowledge of Humana's billing practices to CMS other than generalized, conclusory assertions of "intimate knowledge," and she was never employed at Humana or participated in Humana's internal data submission processes. Accordingly, Relator has failed to prove she is entitled to a more relaxed pleading standard under Rule 9(b) due to any alleged role as an "insider."

a false record or statement to get a false or fraudulent claim paid or approved by the Government." 31 U.S.C. § 3729(a)(2) (2006). FERA modified this language, which now holds liable a defendant who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(B). The Eleventh Circuit has held that subsection (a)(1)(B) applies to claims for payments submitted from June 7, 2008 forward. *Hopper v. Solvay Pharmaceuticals, Inc.*, 588 F.3d 1318, 1327 n.3 (11th Cir. 2009). The First Amended Complaint fails to make this distinction, therefore Count IV is dismissed without prejudice to assert causes of action for pre- and post-June 7, 2008 claims.[5]

The Court, however, rejects Defendants' argument that this claim should be dismissed regardless of this distinction. The Eleventh Circuit has held that subsection (a)(2) of the False Claims Act, now section (a)(1)(B), does not require specific claims submissions, but that "general allegations of improper government payments . . . could satisfy the particularity requirements of 9(b)" as long as the allegations are supported by factual or statistical evidence. *See Hopper*, 588 F.3d at 1327 (contrasting subsection (a)(1), which requires the submission of a false claim, with subsection (a)(2), which "does not demand proof that the defendant presented or caused to be presented a false claim to the government or that the defendant's false record or statement itself was ever submitted to the government."). The Court in *Hopper* held that under subsection (a)(2) [now subsection (a)(1)(B)] a plaintiff must show (1) the defendant made a false record or statement for the purpose of getting a false claim paid or approved by the government; and (2) the defendant's false record or statement caused the government to actually pay a false claim, either to the defendant itself,

---

[5] Relator seems to have incorporated this distinction in the Proposed Second Amended Complaint, separating the post-June 7, 2008 claims under Section 3729(a)(1)(B) from the pre-June 7, 2008 claims under Section 3729(a)(2).

or to a third party. *Id.*; *see also Allison Engine Co. v. United States ex. rel Sanders*, 553 U.S. 662, 671 (2008) ("What § 3729(a)(2) demands is not proof that the defendant caused a false record or statement to be presented or submitted[,] but that the defendant made a false record or statement for the purpose of getting 'a false or fraudulent claim paid or approved by the Government.'").

Taking Relator's allegations as true and construed in the light most favorable to Relator, the allegations in the First Amended Complaint and the Proposed Second Amended Complaint sufficiently alleges that Defendants Humana and Cavanaugh either "knowingly ma[de], use[d], or cause[d] to be made or used, false records or statements to get false or fraudulent claims paid or approved by the Government" under section 3729(a)(2), or "knowingly ma[de], use[d], or cause[d] to be made or used, a false record or statement material to a false or fraudulent claim." As stated above, knowledge can be averred generally, and the Court finds the "materiality" requirement satisfied, as least at the motion to dismiss stage, where the alleged inclusion of false diagnoses and the submission of those diagnoses would have a "natural tendency to influence, or be capable of influencing, the payment or receipt of money." 31 U.S.C. § 3729(b)(4).

Accordingly, Count IV is dismissed without prejudice to correct the pre- and post-June 7, 2008 claims distinction. However, the Court finds without deciding that the factual allegations contained and incorporated in the claim are likely sufficient under Rule 8 and Rule 9(b) to state a claim for relief under each applicable section.

## Conclusion

It is ADJUDGED that:

(1) Counts I, II and IV are DISMISSED WITH PREJUDICE as to Spencer Angel.

(2) Count III (Conspiracy) is DISMISSED WITH PREJUDICE as to <u>all</u> Defendants.

(3) Counts I, II and IV are DISMISSED WITHOUT PREJUDICE as to Defendants Plaza Medical Centers Corporation, Humana, Inc. and Dr. Michael Cavanaugh. Relator must file an amended pleading, consistent with this Order, by no later than **October 22, 2014**. Also consistent with this Order, the claims against Defendants shall be limited to those patients and alleged misdiagnoses specifically identified in the complaint. Defendant(s) shall file a motion to dismiss **and** answer by no later than *November 21, 2014*. Relator shall respond by no later than *December 12, 2014*. Defendant(s) shall reply by no later than *December 19, 2014*.

DONE AND ORDERED in Chambers at Miami, Florida, this 7 day of October, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record