UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

OLIVIA GRAVES, on behalf    CASE NO. 10-23382-CIV-MORENO
of herself and the UNITED STATES
OF AMERICA

    Plaintiff, Relator

v.

PLAZA MEDICAL CENTERS, CORP.,
HUMANA, INC., and MICHAEL CAVANAUGH,

    Defendants.

_____/

**DEFENDANT MICHAEL CAVANAUGH'S ANSWER AND AFFIRMATIVE DEFENSES TO RELATOR OLIVIA GRAVES' THIRD AMENDED QUI TAM COMPLAINT**

Defendant, MICHAEL CAVANAUGH ("Cavanaugh" or "Defendant"), by undersigned counsel, hereby files his Answers and Affirmative Defenses to Relator Olivia Graves' Third Amended Qui Tam Complaint and states as follows:

## I.     PRELIMINARY STATEMENT

1. Defendant admits only that the Third Amended Complaint makes this allegation.

2. Denied.

3. Defendant admits only that the Third Amended Complaint makes this allegation.

4. Denied.

## II.     PARTIES

5. Admitted.

6. Admitted.

7. Admitted.

8. Denied except to admit that Dr. Cavanaugh is a resident of Miami-Dade County and a

practicing medical doctor and an "officer and/or director" of PMC.

### III. JURISDICTION AND VENUE

9. Admitted.

10. Admitted only that Defendant's principal place of business is in Miami-Dade County and that he transacts business in Miami-Dade County; denied as to the filing of any false claims.

### THE MEDICARE PROGRAM

11. Admitted that these federal statutory provisions exist.

12. Admitted that Part C exists and provides as stated in the statutes.

13. Admitted that Part C exists and provides as stated in the statutes.

14. Denied.

15. Denied.

16. Admitted only that the federal regulations provide as stated in the published regulations.

17. Without knowledge and therefore denied.

18. Without knowledge and therefore denied.

19. Without knowledge and therefore denied.

20. Without knowledge and therefore denied.

21. Without knowledge and therefore denied.

### FURTHER ALLEGATIONS COMMON TO ALL COUNTS

22. Admitted except that without knowledge as to the exact number of years.

23. Defendant admits only that Dr. Graves was practicing medicine at the Promenade Plaza Medical Center when she sold her business and is without knowledge or otherwise denies the remaining allegations of this paragraph.

24. Without knowledge and therefore denied.

KURZBAN KURZBAN WEINGER TETZELI & PRATT, P.A.

25. Defendant admits only that the sale of Dr. Graves' practice occurred and is without knowledge or otherwise denies the remaining allegations of this paragraph.

26. Defendant admits only that after the sale of Dr. Graves' medical practice she continued to work as a physician at Plaza Medical Centers, Corp. for a period of time and that Dr. Cavanaugh cared for Plaza's Medicare patients and denies the remaining allegations of this paragraph.

27. Without knowledge and therefore denied.

28. Without knowledge and therefore denied.

29. Without knowledge and therefore denied.

30. Denied in part and without knowledge and therefore denied in its entirety.

31. Without knowledge and therefore denied.

32. Without knowledge and therefore denied.

33. Without knowledge and therefore denied.

34. Denied.

35. Without knowledge or otherwise denied.

36. Defendant admits only that Humana reviewed patient files, without knowledge and therefore denies the remaining allegations of this paragraph.

37. Without knowledge and therefore denied.

38. Denied.

39. As to paragraphs 39 (a) through 39 (bb), denied in its entirety; some parts being denied because without knowledge.

40. Without knowledge and therefore denied.

41. Without knowledge and therefore denied.

42. Denied.

KURZBAN KURZBAN WEINGER TETZELI & PRATT, P.A.

43. Denied as to "false diagnostic codes" and otherwise without knowledge and therefore denied.

44. Denied.

45. Without knowledge and therefore denied as to acts or omissions by Humana or the United States, and otherwise, denied.

46. Defendant denies that any diagnoses were fraudulent and is without knowledge and therefore denies the remaining allegations of this paragraph.

47. Denied as to any "fraudulent" diagnoses or diagnosis, and Defendant is without knowledge and therefore denies the remaining allegations of this paragraph.

48. Defendant denies that any diagnoses were fraudulent and is without knowledge and therefore denies the remaining allegations of this paragraph.

49. Defendant denies that any diagnoses were fraudulent and is without knowledge and therefore denies the remaining allegations of this paragraph.

50. Defendant denies that any diagnoses were fraudulent and is without knowledge and therefore denies the remaining allegations of this paragraph.

51. Defendant denies that any diagnoses were fraudulent and is without knowledge and therefore denies the remaining allegations of this paragraph.

52. Defendant denies that any diagnoses were fraudulent and is without knowledge and therefore denies the remaining allegations of this paragraph.

53. Defendant denies that any diagnoses were fraudulent and is without knowledge and therefore denies the remaining allegations of this paragraph.

54. Defendant denies that any diagnoses were fraudulent and is without knowledge and therefore denies the remaining allegations of this paragraph.

55. Defendant denies that any diagnoses were fraudulent and is without knowledge and therefore denies the remaining allegations of this paragraph.

56. Defendant denies that any diagnoses were fraudulent and is without knowledge and therefore denies the remaining allegations of this paragraph.

57. Defendant denies that any diagnoses were fraudulent and is without knowledge and therefore denies the remaining allegations of this paragraph.

58. Defendant denies that any diagnoses were fraudulent and is without knowledge and therefore denies the remaining allegations of this paragraph.

59. Defendant denies that any diagnoses were fraudulent and is without knowledge and therefore denies the remaining allegations of this paragraph.

60. Defendant denies that any diagnoses were fraudulent and is without knowledge and therefore denies the remaining allegations of this paragraph.

61. Defendant denies that any diagnoses were fraudulent and is without knowledge and therefore denies the remaining allegations of this paragraph.

62. Defendant denies that any diagnoses were fraudulent and is without knowledge and therefore denies the remaining allegations of this paragraph.

63. Defendant denies that any diagnoses were fraudulent and is without knowledge and therefore denies the remaining allegations of this paragraph.

64. Defendant denies that any diagnoses were fraudulent and is without knowledge and therefore denies the remaining allegations of this paragraph.

65. Defendant denies that any diagnoses were fraudulent and is without knowledge and therefore denies the remaining allegations of this paragraph.

KURZBAN KURZBAN WEINGER TETZELI & PRATT, P.A.

66. Defendant denies that any diagnoses were fraudulent and is without knowledge and therefore denies the remaining allegations of this paragraph.

67. Without knowledge and therefore denied.

68. Without knowledge and therefore denied.

69. Without knowledge and therefore denied.

70. Without knowledge and therefore denied.

71. Without knowledge and therefore denied.

72. Without knowledge and therefore denied.

73. Without knowledge and therefore denied.

74. Without knowledge and therefore denied.

75. Without knowledge and therefore denied.

## COUNT I
## SUBMITTING FALSE CLAIMS IN VIOLATION OF THE FALSE CLAIMS ACT, 31 U.S.C. SECTION 3729(a)(1)(A) AGAINST CAVANAUGH AND PLAZA MEDICAL CENTERS, CORP (POST JUNE 7, 2008 CLAIMS)

76. Defendant re-alleges and re-avers his responses to paragraphs 1 - 75 as if fully set forth herein.

77. Denied that "As disclosed in Plaza Medical's corporate filings with the Florida Department of State, Defendant Cavanaugh is an owner…" of Plaza Medical Centers Corp. The remainder of this allegation is admitted.

78. Without knowledge and therefore denied.

79. Denied as to signature except for diagnoses signed, all other portions denied.

80. Without knowledge and therefore denied.

81. Denied.

KURZBAN KURZBAN WEINGER TETZELI & PRATT, P.A.

82. Denied.

## COUNT II
### SUBMITTING FALSE CLAIMS IN VIOLATION OF THE FALSE CLAIMS ACT, 31 U.S.C. SECTION 3729(a)(1)(A) AGAINST DEFENDANT HUMANA, INC. (POST JUNE 7, 2008 CLAIMS)

83. This Count (paragraphs 83-88) is brought against Defendant Humana, Inc. only and therefore no response is required.

## COUNT III
### MAKING, USING, OR CAUSING TO BE MADE OR USED, FALSE RECORDS MATERIAL TO A FALSE OR FRAUDULENT CLAIM IN VIOLATION OF THE FALSE CLAIMS ACT, 31 U.S.C. SECTION 3729(a)(1)(B) AGAINST DEFENDANTS CAVANUAGH AND PLAZA MEDICAL CENTERS (POST JUNE 7, 2008 CLAIMS)

89. Defendant re-alleges and re-avers his responses to paragraphs 1 - 75 as if fully set forth herein.

90. Without knowledge and therefore denied except it is admitted that he has been a shareholder, officer and director.

91. Denied as stated in response to paragraph 79.

92. Denied as to false diagnoses, otherwise denied as without knowledge.

93. Denied.

94. Denied.

## COUNT IV
### MAKING, USING, OR CAUSING TO BE MADE OR USED, FALSE RECORDS MATERIAL TO A FALSE OR FRAUDULENT CLAIM IN VIOLATION OF THE FALSE CLAIMS ACT, 31 U.S.C. SECTION 3729(a)(1)(B) AGAINST DEFENDANT HUMANA, INC (POST JUNE 7, 2008 CLAIMS)

95. This Count (paragraphs 95-100) is brought against Defendant Humana, Inc. only and therefore no response is required.

KURZBAN KURZBAN WEINGER TETZELI & PRATT, P.A.

## COUNT V
### SUBMITTING CLAIMS IN VIOLATION OF THE FALSE CLAIMS ACT, 31 U.S.C. SECTION 3729(a)(1) DEFENDANTS CAVANAUGH AND PLAZA MEDICAL CENTERS (PRE JUNE 7, 2008)

101.   Defendant re-alleges and re-avers his responses to paragraphs 1-75 as if fully set forth herein.

102.   Denied that "As disclosed in Plaza Medical's corporate filings with the Florida Department of State," as ownership is not disclosed in corporate filings of Plaza Medical Centers Corp. Admitted that Dr. Cavanaugh holds a beneficial interest in PMC.

103.   Without knowledge and therefore denied.

104.    Without knowledge and therefore denied.

105.   Without knowledge and therefore denied.

106.   Denied.

107.   Denied.

108.    This is not a factual allegation, denied that the Relator is entitled to relief.

## COUNT VI
### SUBMITTING CLAIMS, IN VIOLATION OF THE FALSE CLAIMS ACT, 31 U.S.C. SECTION 3729(a)(1) DEFENDANT HUMANA, INC.

109.    This Count (paragraphs 109-114) is brought against Defendant Humana, Inc. only and therefore no response is required.

## COUNT VII
### MAKING, USING, OR CAUSING TO BE MADE OR USED, FALSE RECORDS TO GET A FALSE OR FRAUDULENT CLAIM PAID OR APPROVED BY THE GOVERNMENT 31 U.S.C. SECTION 3729(a)(2) AS TO DEFENDANTS CAVANUAGH AND PLAZA MEDICAL CENTERS(PRE JUNE 7, 2008 CLAIMS)

115.   Defendant re-alleges and re-avers his responses to paragraphs 1 - 75 as if fully set forth herein.

KURZBAN KURZBAN WEINGER TETZELI & PRATT, P.A.

116. Without knowledge and therefore denied except it is admitted that he has been a shareholder and officer and director.

117. Denied as stated in response to paragraph 90.

118. Without knowledge and therefore denied.

119. Without knowledge and therefore denied.

120. Denied.

121. Denied.

122. This is not a factual allegation, denied that Relator is entitled to relief.

## COUNT VIII
### MAKING, USING, OR CAUSING TO BE MADE OR USED, FALSE RECORDS TO GET A FALSE OR FRAUDULENT CLAIM PAID OR APPROVED BY THE GOVERNMENT 31 U.S.C. SECTION 3729(a)(2) AS TO DEFENDANT HUMANA
### (PRE JUNE 7, 2008 CLAIMS)

123. This Count (paragraphs 122-127) is brought against Defendant Humana, Inc. only and therefore no response is required.

## COUNT IX
### KNOWINGLY CONCEALING OR KNOWINGLY AND IMPROPERLY AVOIDING OR DECREASING AN OBLIGATION TO PAY OR TRANSMIT MONEY TO THE GOVERNMENT IN VIOLATION OF 31 U.S.C. SECTION 3729(a)(1)(G), AS TO PLAZA MEDICAL CENTERS AND CAVANAUGH

128. Defendant re-alleges and re-avers his responses to paragraphs 1 - 75 as if fully set forth herein.

129. Denied as stated in response to paragraph 90.

130. Denied as stated in response to paragraph 79.

131. Without knowledge and therefore denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Without knowledge and therefore denied.

### COUNT X
### KNOWINGLY CONCEALING OR KNOWINGLY AND IMPROPERLY AVOIDING OR DECREASING AN OBLIGATION TO PAY OR TRANSMIT MONEY TO THE GOVERNMENT IN VIOLATION OF 31 U.S.C. SECTION 3729(a)(1)(G), AS TO HUMANA

140. This Count (paragraphs 140-151) is brought against Defendant Humana, Inc. only and therefore no response is required.

### RELIEF REQUESTED

152. Denied that Relator is entitled to the relief requested.

### GENERAL DENIAL AND DEMAND FOR PROOF

All allegations and portions of allegations not specifically admitted are hereby denied. In addition to the foregoing, Defendant asserts that the claims set forth in the Third Amended Complaint are barred, in whole or in part, because Defendant acted at all relevant times in good faith and not with any improper or illegal purpose, intent or knowledge. Each and every act or omission that Defendant is alleged to have undertaken or failed to have undertaken in the Third Amended Complaint was done or omitted in good faith and not with any improper or illegal purpose, intent or knowledge, in conformity with all applicable federal and state statutes, and all applicable rules and CMS guidance promulgated thereunder, and to the extent any claims were

KURZBAN KURZBAN WEINGER TETZELI & PRATT, P.A.

incorrect, it was due to a mistake and without any improper intent or knowledge. All allegations not separately admitted are hereby denied and Defendant demands strict proof thereby.

## AFFIRMATIVE DEFENSES

153. Plaintiff's claims are barred as to the extent there were incorrect claims or data submitted was due to negligence, mistake or other inadvertent error.

154. Plaintiff's claims are barred due to a superseding or intervening cause, specifically the acts or omissions of other individuals or entities, including but not limited to the other Defendants in this cause, which by their intervention prevent Defendant from being liable for any harm to the United States.

155. The United States, on whose behalf this action is brought by Plaintiff, at all times at issue in the Third Amended Complaint knew of the conduct allegedly engaged in by Defendants and failed to act accordingly and Defendant relied on this conduct or omission and hence Plaintiff's recovery is barred.

156. Any claims Plaintiff seeks to assert in addition to or apart from the claims relating to the 28 patients she refers to in her Third Amended Complaint are barred by the applicable statute of limitations.

157. Defendant adopts the grounds for dismissal in his Motion to Dismiss the Third Amended Complaint and which are incorporated herein by reference.

158. Relator's claims are barred in whole or in part because of her failure to state a claim upon which relief can be granted as required by the Federal Rules of Civil Procedure.

159. Relator's claims are barred in whole or in part because of her failure to particularize claims as required by the Federal Rules of Civil Procedure.

160. Relator's claims are barred in whole or in part for lack of standing.

KURZBAN KURZBAN WEINGER TETZELI & PRATT, P.A.

161. Relator's claims are barred in whole or in part by the doctrine of laches.

162. Relator's claims are barred in whole or in part by the applicable statute of limitations.

163. Relator's claims are barred in whole or in part by the doctrine of waiver.

164. Relator's claims are barred in whole or in part by the doctrines of estoppel and/or unclean hands.

165. Plaintiff is not an original source for any of the alleged false claims apart from the claims regarding the 28 patients identified in her original, first amended, and second amended complaints.

166. Plaintiff's "retention of overpayment" or "reverse false claims" cause of action (Court IX) is barred in its entirety or in part as application of the relevant statute, 31 U.S.C. §3729(a)(1)(G), effective on May 20, 2009, to claims Plaintiff alleges were filed prior to May 20, 2009 would be an impermissible and unconstitutional retroactive application of law.

167. Count IX is impermissibly redundant of the other counts of Plaintiff's other FCA counts set forth in her Third Amended Complaint.

168. Defendants are as a matter of law not liable for retention of overpayments based on non-MRA sensitive diagnoses or cancelled/dropped codes that did not result in increased reimbursement from CMS, or for diagnoses that were not submitted.

169. Relator's claims are barred in whole or in part by her failure to mitigate damages.

170. Relator's claims are barred in whole or in part by the United States Constitution's prohibition against the retroactive application of statutes.

171. Relator's claims are barred to the extent that the standards that the interpretation of the False Claims Act reflected in 42 C.F.R. §422.326 (2014) is substantially unsound and exceeds the scope of CMS' rulemaking authority.

KURZBAN KURZBAN WEINGER TETZELI & PRATT, P.A.

172. Relator's claims for damages and/or civil penalties are barred in whole or in part by the Firth and/or Eighth Amendments to the United States Constitution.

173. Cavanaugh hereby gives notice that it intends to rely upon such other defenses as may become available to it by operation of law or pursuant to statute or as a result of discovery within or without this proceeding, and hereby reserves the right to amend its answer accordingly and/or to present such additional defenses at trial, in accordance with applicable law, including, without limitation, the Federal Rules of Civil Procedure.

Dated: January 15, 2016

        Respectfully submitted,

        KURZBAN KURZBAN WEINGER, TETZELI & PRATT, P.A.
        2650 S.W. 27th Avenue, 2nd Floor
        Miami, FL  33133
        Telephone: (305) 444-0060
        Facsimile: (305) 444-3503

By: _____
        STEVEN M. WEINGER, ESQUIRE
        Fla. Bar No. : 280585
        HELENA TETZELI, ESQUIRE
        Fla. Bar No. : 759820

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day January, 2016 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following:

**Philip Freidin, Esq.**
**Jonathan E. Freidin, Esq.**
**David E. Werner, Esq.**
Freidin Brown
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3100
Miami, FL 33131
Telephone 305-371-3666
E-Mail: pfreidin@fdlaw.net
E-Mail: jfreidin@fdlaw.net
E-Mail: dwerner@fdlaw.net

**Douglas Fredric Eaton, Esq.**
**William Gregg Wolk, Esq.**
Eaton & Wolk, PL
2 South Biscayne Boulevard,Suite 3100
Miami, FL 33131
Tel: 305-249-1640   Fax: 786-221-1759
E-Mail: Wwolk@eatonwolk.com
E-Mail: deaton@eatonwolk.com
E-Mail: jgonzalez@eatonwolk.com

**Adam Michael Schachter, Esq.**
Gelber, Schachter, & Greenberg, P.A.
1221 Brickell Avenue, Suite 2010
Miami, FL 33131
Tel: 305-728-0950  Fax: 305-728-0951
E-Mail: aschachter@gsgpa.com

**Stephen M. Sullivan, Esq.**
O'Melveny & Myers, LLP
400 South Hope Street
Los Angeles, CA
Tel: 213-430-6000
Email: ssullivan@omm.com

**Kevin Feder, Esq.**
O'Melveny & Myers, LLP
1625 Eye Street, NW
Washington, DC 20006
Tel: 202-383-5164
Email: kfeder@omm.com

**Daniel S. Gelber, Esq.**
Gelber, Schachter, & Greenberg, P.A.
1221 Brickell Avenue, Suite 2010
Miami, FL 33131
Tel: 305-728-0950   Fax: 305-728-0951
E-Mail: dgelber@gsgpa.com

**Mark Alan Lavine, Esq.**
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
Tel: 305-961-9303  Fax: 305-530-7139
E-Mail: mark.lavine@usdoj.gov

**William T. Buffaloe, Esq.**
O'Melveny & Myers, LLP
1625 Eye Street, NW
Washington, DC 20006
Tel: 202-383-5300
Email: wbuffaloe@omm.com

**David J. Leviss, Esq.**
O'Melveny & Myers, LLP
1625 Eye Street, NW
Washington, DC 20006
Tel: 202-383-5300
E-Mail: dleviss@omm.com

**Jennifer M. Chang, Esq.**
O'Melveny & Myers, LLP
1625 Eye Street, NW
Washington, DC 20006
Tel: 202-383-5300
Email: jchang@omm.com

**Ryan C. Zagare, Esq.**
Kenny Nachwalter, P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131
Tel: 305-773-1000
E-Mail: rzagare@knpa.com

KURZBAN KURZBAN WEINGER TETZELI & PRATT, P.A.

| | |
|---|---|
| **K. Lee Blalack, II, Esq.** | **Robert Donald Wike Landon, III, Esq.** |
| O'Melveny & Myers | Kenny Nachwalter, P.A. |
| 1625 Eye Street, NW | 1100 Miami Center |
| Washington, DC 20006-4001 | 201 South Biscayne Boulevard |
| Tel: 202-383-5374   Fax: 202-383-5414 | Miami, FL 33131-4327 |
| E-Mail:lblalack@omm.com | Tel: 305-373-1000  Fax: 305-372-1861 |
| | E-Mail: rlandon@knpa.com |

In the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

>KURZBAN KURZBAN WEINGER, TETZELI & PRATT, P.A.
>2650 S.W. 27th Avenue, 2nd Floor
>Miami, FL  33133
>Telephone: (305) 444-0060
>Facsimile: (305) 444-3503
>
>By: _____
>STEVEN M. WEINGER, ESQUIRE
>Fla. Bar No. : 280585
>HELENA TETZELI, ESQUIRE
>Fla. Bar No. : 759820