UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-23382-CIV-MORENO/O'SULLIVAN

OLIVIA GRAVES, on behalf of herself
and the UNITED STATES OF AMERICA,

    Plaintiff/Relator,

v.

PLAZA MEDICAL CENTERS, CORP.,
HUMANA, INC., and MICHAEL CAVANAUGH,

    Defendants.

                                                             /

## **OMNIBUS ORDER**

THIS MATTER is before the Court on all pending motions in limine and motions to strike expert witnesses which were considered during a hearing on August 25, 2017. Before addressing the individual motions to strike expert witnesses, the undersigned will address the applicable standard of review.

Under Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993), and Rule 702 of the Federal Rules of Evidence, the Court "serve[s] as a gatekeeper to the admission of scientific evidence." Quiet Technology DC-8 v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1340 (11th Cir. 2003) (citing Daubert, 509 U.S. 579, 589 (1993)); McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1256 (11th Cir. 2002)); Rink v. Cheminova, 400 F.3d 1286, 1291 (11th Cir. 2005). To determine the admissibility of expert testimony under Rule 702, the Court must undertake the following three-part inquiry:

> (1) [T]he expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated by Daubert; and (3) the testimony assists the trier of fact, through the application

> of scientific, technical, or specialized expertise, to understand evidence or to determine a fact in issue.

Quiet Technology, 326 F.3d at 1340-41 (citing City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 562 (11th Cir. 1998) (citing Daubert, 509 U.S. at 589) (other citation omitted)). The Eleventh Circuit cautioned that although some overlap among the inquiries regarding expert qualifications, reliability and helpfulness exist, "these are distinct concepts that courts and litigants must take care not to conflate." Id. at 1341.

> To determine reliability, the court considers:
>
> (1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known and potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community.

Id. (citing McCorvey, 298 F.3d at 1256 (citing Daubert, 509 U.S. at 593-94)). "'A district court's gatekeeper role 'is not intended to supplant the adversary system or the role of the jury.'" Id. (citing Maiz v. Virani, 253 F.3d 641, 666 (11th Cir. 2001) (quoting Allison v. McGhan, 184 F.3d 1300, 1311 (11th Cir. 1999)). "Quite the contrary, '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" Id. (quoting Daubert, 509 U.S. at 596). The Eleventh Circuit and this Court have excluded expert testimony on subjects outside the expert's qualifications, while allowing testimony on subjects about which the expert is qualified. Lebron v. Sec'y of the Fla. Dep't of Children and Families, 772 F.3d 1352, 1368-69 (11th Cir. 2014) ("Expertise in one filed does not qualify a witness to testify about others."); Sanchez-Knutson v. Ford Motor Co., 181 F. Supp. 3d 988, 994 (S.D. Fla. 2016) (allowing a mechanical engineer with experience in the area of vehicle design and manufacturing to testify regarding air/gas leakage as well as carbon monoxide accumulation in the vehicle in a products liability action but excluding his testimony as to the issues of diminution in value, toxicology, and

the costs of replacing an HVAC system).

Having reviewed the parties' respective motions, responses, replies, and supplemental filings as well as having heard arguments from the parties and having applied Daubert and other applicable law, and for the reasons stated on the record during the August 25, 2017 hearing, it is

ORDERED AND ADJUDGED that

1. Relator's Omnibus Motion in Limine (DE# 711, 12/28/16) is GRANTED IN PART AND DENIED IN PART. Motion in Limine No. 1 is GRANTED; the defendants shall not make any reference to, or proffer evidence of, the United States Department of Justice's ("DOJ") decision to not intervene in this action or its absence from the trial. Motion in Limine No. 2 is DENIED; the defendant may reference Humana's cooperation with the Department of Justice because it is relevant to the issue of Humana's scienter. Motion in Limine No. 3 is GRANTED IN PART and DENIED IN PART; the defendants shall not question the Relator on the issue of attorneys' fees because her attorneys represented that the relator is not recovering any share of the attorneys' fees. The defendants may offer evidence of the trebling of damages and penalties under the False Claims Act as well as the relator's entitlement to a percentage share of any damages recovery. Motion in Limine No. 4 is GRANTED because the probative value is outweighed by the undue prejudice and plenty of opportunities to show the relator's bias exist without referencing prior court rulings; the defendants shall not reference or offer evidence of prior court rulings

dismissing claims or striking allegations at trial.  Motion in Limine No. 5 is GRANTED because the probative value is outweighed by the undue prejudice under Rule 403(b) of the Federal Rules of Evidence and may inflame the jury; the defendants shall not reference or offer evidence of the six (6) instances in the motion in limine that attack the relator's character.  Motion in Limine No. 6 is GRANTED IN PART and DENIED IN PART; the defendants shall not reference or offer evidence of the defamation lawsuit, but the defendants may reference and offer evidence of the unproven, alleged defamation.  Motion in Limine No. 7 is GRANTED IN PART; the defendants shall not reference or offer evidence of attacks on the relator's abilities as a medical doctor or whether the relator's patient's complained about her abilities.  The defendants may reference or offer evidence of the mistakes that the relator made in her diagnoses of patients as well as her review of the patients' medical records.  Motion in Limine No. 8 is DENIED IN PART; pursuant to Rule 608(b) of the Federal Rules of Evidence, the defendants may cross-examine the relator on the unrelated alleged fraud issues (e.g. forgery of the relator's signature regarding home health care fraud; falsifying lab scores; falsifying records before audits), but the defendants may not introduce extrinsic evidence.  Motion in Limine No. 9 is GRANTED; the defendants shall not reference or offer evidence to establish that the claims were not false because Medicare did not deny them or seek

refunds.  Motion in Limine No. 10 is DENIED; the defendants may reference or offer evidence regarding the provision in Humana's contract that required the relator to give Humana notice of fraud as well as the relator's attempt to obtain another Humana contract after the relator said she would not do business with Humana because of the alleged fraud at issue in the present case.  Both issues are relevant to the issue of the relator's credibility.  Motion in Limine No. 11 is GRANTED as long as the relator does not introduce or argue patient harm caused by Dr. Cavanaugh's decisions not to refer patients to specialists; the defendants may not reference or offer evidence to imply that because the fraud caused no patient harm, there is no fraud.  Motion in Limine No. 12 is GRANTED; the defendants shall not reference or offer evidence of prior inconsistent statements of the relator during settlement negotiations between the parties to impeach the relator.  Motion in Limine No. 13 is GRANTED in part; the defendants shall not reference or offer evidence of the relator's fancy house or the value of her house, but are permitted to reference or offer evidence to show that the relator reviewed the medical records at issue at her leisure and without interruptions (i.e. not bothered).

2. Relator's Motion to Strike, or, in the Alternative, Limit the Testimony of Leslie Norwalk (DE# 712, 12/28/16) is DENIED.  The probative value of Leslie Norwalk's qualifications outweighs any undue prejudice pursuant to Rule 403 of the Federal Rules of Evidence.  Ms. Norwalk is the former

Acting Administrator of the Centers for Medicare and Medicaid Services ("CMS") and is highly qualified to testify regarding Medicare Part C and whether Humana satisfied its duties under the Medicare Advantage Organization ("MAO") regulations. Ms. Norwalk received Touey authorization from the government to testify to certain issues and the government did not object to her testimony at her deposition in this action. Because Ms. Norwalk's testimony does not violate Rule 403 of the Federal Rules of Evidence, the jury should be permitted to hear her qualifications and opinions.

3. Defendant Humana Inc.'s Motion in Limine to Exclude Arguments and Evidence Concerning Humana Inc.'s Profitability, Wealth, Legal Representation, Financial Condition, Net Worth, and/or Other Similar Statements and Comparisons to Any Other Party (DE# 716, 12/28/16) is GRANTED IN PART. The relator shall not reference or offer evidence of Humana's gross revenues, profitability and assets; the relator may question witnesses regarding the financial importance of the Medicare Advantage Organization portion of Humana's business. The motion is DENIED WITHOUT PREJUDICE to renew at trial depending on whether Humana raises certain defenses regarding the issue of whether Humana could have done the same things with PMC as it did when Humana received notice of Dr. Thompson's alleged fraud.

4. Defendants' Plaza Medical Centers, Corp.'s and Dr. Michael Cavanaugh's Motion in Limine to Limit Evidence of Allegedly Unsupported Diagnoses

and Evidence of Damages to Those Specific Diagnosis/Code Submissions Identified by Relator in the Body of Her Complaint and Exhibit 29 and Incorporated Memorandum of Law (DE# 707, 12/28/16) will be disposed of after the undersigned reviews the parties' respective supplemental briefs that are to be filed by September 6, 2017.

5. Defendant Humana Inc.'s Motion in Limine to Exclude All Evidence and Argument Concerning Other Lawsuits, Investigations, or Legal Allegations Involving Humana, Inc. (DE# 719, 12/28/16) is GRANTED. As previously addressed regarding <u>Issue No. 4</u> in the Relator's Omnibus Motion in Limine (DE# 711), <u>supra</u>, prior court rulings regarding the dismissal of other centers as defendants in this action are not admissible. Dr. Arena is not a Humana provider and is STRICKEN as one of relator's trial witnesses. When specifically shown a list of witnesses that included Dr. Arena and questioned during her deposition, the relator testified that she was not calling Dr. Arena as a witness. The undersigned finds that Dr. Arena testimony at trial would unduly prejudice the defendants because the defendants relied on the relator's representation that she was not calling Dr. Arena as a witness and the discovery deadline passed before the relator changed her mind. The defendants had no opportunity to depose Dr. Arena.

6. Defendants' Plaza Medical Centers, Corp.'s and Dr. Michael Cavanaugh's Omnibus Motion in Limine (DE# 709, 12/28/16) is GRANTED IN PART AND DENIED IN PART. Because the undersigned finds the terms

"fraud," "scheme," and "fraudulent scheme" are common terms, Issue #1 is DENIED IN PART and the relator may use such terms at trial; the relator may not use the term "conspiracy," however, because the relator's conspiracy claim was dismissed previously. Issue #2 is GRANTED IN PART AND DENIED IN PART so that evidence regarding other Plaza/PMC facilities or other facilities partially owned by Dr. Cavanaugh, Plaza Medical Center ("PMC") or principals of PMC should be excluded, except that the BRG Report that Humana prepared and provided to the Department of Justice is admissible. The BRG Report reveals increased prevalence rates at other centers owned or partially owned by Dr. Cavanaugh that are similar to the prevalence rates at PMC after Dr. Cavanaugh took over PMC. The four (4) CarePlus centers contained in the BRG Report shall be REDACTED. (See discussion at Paragraph 7 below). The BRG Report is relevant to Humana's intent and lack of mistake. The undersigned finds the BRG Report is not confusing or unfairly prejudicial. The defendants may obtain a jury instruction regarding the purpose of the evidence as it pertains to evidence of intent and lack of mistake. Issue #3 is GRANTED; all attorneys shall not make any derogatory comments about the parties' respective attorneys within earshot of the Court, the undersigned or the jury while this action is pending. Issue #4 is DENIED; the relator's damages expert, Andrew Ranck, is qualified to provide expert testimony at trial. Mr. Ranck is an accountant who described his methodology, which can be tested, and Mr.

Ranck relied on CMS to establish his methodology. Mr. Ranck's original methodology is admissible.

7. Defendant Humana Inc.'s Motion in Limine to Exclude All Evidence and Argument Relating to CarePlus and All Facilities and Entities Affiliated with Plaza Medical Centers, Corp. (DE# 720, 12/28/16) is GRANTED IN PART AND DENIED IN PART. During the hearing, the relator conceded that she would only introduce the BRG Report in regard to the nine other Plaza-affiliated clinics. Although CarePlus is a Humana, Inc. subsidiary, it enters into separate contracts directly with CMS and it has separate operations from Humana. The undersigned finds that under Rule 402 of the Federal Rules of Evidence any evidence or arguments regarding the conduct of CarePlus is irrelevant because they operate separately from the named defendants. Additionally, the undersigned finds that even if evidence of CarePlus facilities was relevant, its "probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, [and] wasting time." Fed. R. Civ. P. 403. The BRG Report is admissible after the four (4) CarePlus centers are REDACTED.

8. Relator's Motion to Strike Opinions of Dr. Mark Stern (DE# 717, 12/28/16) is DENIED AS MOOT in light of the relator's *ore tenus* withdrawal of the motion without prejudice.

9. Defendants' Plaza Medical Centers, Corp.'s and Dr. Michael Cavanaugh's Motion to Exclude Testimony or Other Evidence Pursuant to Daubert and as Untimely under Rule 26 (DE# 708, 12/28/16) is GRANTED IN PART.

The relator's expert, Dr. Weine, shall not opine on whether Dr. Cavanaugh committed fraud. Dr. Weine may testify about Dr. Cavanaugh's medical diagnoses that are at issue in this action.

10. Defendant Humana Inc.'s Motion in Limine to Exclude the Untimely Expert Opinions of Gary Weine (DE# 721, 12/28/16) is GRANTED and Dr. Weine's supplemental expert report is STRICKEN as untimely. The undersigned finds that without leave of Court, the relator provided Dr. Weine's supplemental expert report thirty-six (36) days beyond the disclosure deadline for expert reports, which was two days before the discovery deadline and two days before Dr. Weine's scheduled deposition. The undersigned finds that Dr. Weine's untimely supplemental report added approximately three hundred (300) additional diagnoses and caused substantial prejudice to the defendants because they did not have time to review the additional diagnoses before Dr. Weine's deposition and the close of discovery two days later. Additionally, the defendants did not have an opportunity to secure rebuttal medical experts regarding the almost 300 additional diagnoses. The relator neither requested an extension of time to file the untimely supplemental report nor requested an enlargement of the discovery period.

11. Defendant Humana Inc.'s Motion to Exclude Testimony of Dr. Gary Weine, M.D. (DE# 724, 12/28/16) is GRANTED IN PART. Dr. Weine is not qualified to testify as an expert regarding coding medical diagnoses

(i.e. ICD-9 codes) and shall not testify regarding errors in coding other than that the underlying medical diagnosis is incorrect.

12. Defendant Humana Inc.'s Motion to Exclude Testimony of Andrew Ranck (DE# 725, 12/28/16) is DENIED. Humana seeks to exclude the testimony of the relator's expert fraud investigator, Andrew Ranck, who performed a prevalence rate analysis. The relator advised Humana that she will not be offering testimony on Mr. Ranck's damages extrapolation. See Motion at 3 (DE# 725, 12/28/16). Mr. Ranck shall not use the word "outlier" in his testimony at trial due to the term's statistical significance. Mr. Ranck is not a statistician and may not testify regarding confidence intervals and confidence bands. Mr. Ranck is a fraud investigator who may testify regarding the prevalence rates of certain diagnoses at PMC compared to the prevalence rates of certain diagnoses in the State of Florida. The undersigned finds that Mr. Ranck's methodology is reliable and does not involve statistics. Any attacks on Mr. Ranck's methodology can be addressed on cross-examination. Mr. Ranck compares the State of Florida prevalence rates to the prevalence rates of PMC patients based on actual numbers, not samples, and thus he does not provide a statistical analysis. The undersigned finds that Mr. Ranck is qualified to testify as an expert because he is a Certified Public Accountant and an experienced fraud investigator. His testimony is helpful because Humana has a duty to have a program to detect fraud.

13. Defendant Humana Inc.'s Motion to Exclude Testimony of Dr. Gerard

Anderson (DE# 728, 12/28/16), which was joined by Dr. Cavanaugh and PMC, is GRANTED IN PART. The undersigned finds that Dr. Anderson is not qualified to offer any opinions regarding the propriety of any medical diagnosis coding decisions or medical diagnosis coding standards. During his deposition, Dr. Anderson testified that he last worked at CMS in 1983 and that CMS rules and regulations are not his area of expertise. The undersigned finds that Dr. Anderson lacks training and experience regarding medical diagnosis coding.

DONE AND ORDERED in Chambers at Miami, Florida this **6th** day of September, 2017.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
United States District Court Judge Moreno
All counsel of record